**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN A. PITT, Individually, as Successor-In-Interest to Michael A. Pitt, Decedent, on Behalf of the Estate of Michael A. Pitt, <br><br> *Plaintiff-Appellant*, <br><br> v. <br><br> METROPOLITAN TOWER LIFE INSURANCE COMPANY, a Delaware Corporation, <br><br> *Defendant-Appellee*. | No. 23-55566 <br><br> D.C. No. 3:20-cv-00694-RSH-DEB <br><br> ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted December 5, 2024
Pasadena, California

Filed February 20, 2025

Before: Jay S. Bybee, Sandra S. Ikuta, and Bridget S. Bade, Circuit Judges.

## SUMMARY[*]

### Certification Order / California Law

The panel certified the following question to the California Supreme Court:

> Do California Insurance Code §§ 10113.71 and 10113.72 apply to life insurance policies originally issued or delivered in another state but maintained by a policy owner in California?

## ORDER

We respectfully ask the Supreme Court of California to answer the certified question presented below, pursuant to California Rule of Court 8.548, because we have concluded that resolution of this question of California law "could determine the outcome of a matter pending in [this] court," and "[t]here is no controlling precedent" in the decisions of the Supreme Court of California. Cal. R. Ct. 8.548(a).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## I. ADMINISTRATIVE INFORMATION

We provide the following information in accordance with California Rule of Court 8.548(b)(1).  The caption of this case is:

No. 23-55566

SUSAN PITT, Appellant,

v.

METROPOLITAN TOWER LIFE INSURANCE COMPANY, Appellee.

The names and addresses of counsel for the parties are:

For Appellant Susan Pitt: Jon R. Williams, Williams Iagmin LLP, 2475 Kettner Boulevard, San Diego, CA 92101.

For Appellee Metropolitan Tower Life Insurance Company: Sandra D. Hauser, Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020; Jeffrey A. Zachman, Dentons US LLP, 303 Peachtree Street, NE, Suite 5300, Atlanta, GA 30308; Spencer D. Hamilton, Dentons US LLP, 100 Crescent Court, Suite 900, Dallas, TX 75201.

We designate Susan Pitt as the petitioner if our request for certification is granted.  She is the appellant before our court.

## II. CERTIFIED QUESTION

California Insurance Code §§ 10113.71 and 10113.72 concern an insured's right to receive notice and a grace period prior to termination of a life insurance policy.  These sections apply to policies "issued or delivered in this state."

We certify to the Supreme Court of California the following question of law: Do California Insurance Code §§ 10113.71 and 10113.72 apply to life insurance policies originally issued or delivered in another state but maintained by a policy owner in California?

## III.  STATEMENT OF FACTS

In 2003, Michael Pitt purchased a $2,000,000 term life insurance policy from Metropolitan Tower Life Insurance Company ("Tower") in Illinois.  He maintained this policy for several years by regularly paying premiums to Tower. When he and his wife, Susan, moved to California in 2014, he notified Tower of his move and continued to pay his premiums.   Tower provided him with a reminder in December 2015 that his quarterly premium payment was due on January 6, 2016.  Michael Pitt failed to make this payment.  On February 8, 2016, Tower sent him a "Special Courtesy Offer" that would have allowed him to maintain his policy if he paid his overdue premium by February 27, 2016. But Pitt did not respond to this offer, and Tower sent him a letter in March 2016 informing him that his policy had lapsed.  Tower's letter also provided him with instructions to apply for reinstatement.  Michael Pitt tendered the full annual premium amount in September 2016 and, based on Tower's instructions, formally applied for reinstatement the following month.  In February 2017, Tower rejected his reinstatement application.

Michael Pitt died from amyotrophic lateral sclerosis ("ALS") in May 2018, and Susan Pitt, his named beneficiary, filed a death benefit claim with Tower in August 2018. Tower denied her claim.   Susan Pitt then sued Tower, asserting that it breached its contract with Michael Pitt by failing to properly notify him about his policy's impending

lapse.  She argued that because Michael Pitt's policy incorporated applicable state laws, it incorporated two California statutes imposing upon all policies "issued or delivered" in California (i) a 60-day grace period before lapse, (ii) a notice requirement 30 days prior to lapse and 30 days prior to termination, (iii) a right to designate a third party to receive such notice, and (iv) annual notice of the right to change or add designees of such notice.  Cal. Ins. Code §§ 10113.71, 10113.72 ("California Lapse Statutes").

The district court, relying on two unpublished cases from our court, held that because Michael Pitt purchased his policy in Illinois, it was not "issued or delivered" in California.  Although Susan Pitt argued that Michael Pitt's renewal of his policy in California rendered it "issued or delivered" there, the district court rejected this argument, concluding that a policy could only be "issued or delivered" once, and that Michael Pitt's policy was "issued" and "delivered" in Illinois.  Consequently, the district court found that the California Lapse Statutes did not apply to Michael Pitt's policy.  The district court granted Tower summary judgment on Susan Pitt's claims for breach of contract, unfair competition, bad faith, elder abuse, and declaratory relief.  Susan Pitt appealed that grant of summary judgment to the United States Court of Appeals for the Ninth Circuit.

## IV.  EXPLANATION OF CERTIFICATION REQUEST

The California Lapse Statutes "created certain protections to shield consumers from losing life insurance coverage because of a missed premium payment." *McHugh v. Protective Life Ins. Co.*, 494 P.3d 24, 27 (Cal. 2021). *McHugh* addressed whether "sections 10113.71 and 10113.72 apply to all life insurance policies in force . . .

regardless of *when* the policies were originally issued." *Id.* (emphasis added). *McHugh* did not address whether those sections apply "regardless of [*where*] the policies originally issued." The Supreme Court of California has not decided the question presented in this case: whether these statutes apply to life insurance policies that were originally issued or delivered out of state but maintained by a policy owner in California.

## A

Section 10113.71(a) of the California Insurance Code requires life insurance policies "issued or delivered in this state" to incorporate a 60-day grace period before an insurer may terminate a policy for nonpayment. Section 10113.71(b)(1) further states that "[a] notice of pending lapse and termination of a life insurance policy shall not be effective" unless the insurer complies with certain notice requirements. Analogously, § 10113.72(a) requires life insurance policies "issued or delivered in this state" to provide an insured "the right to designate at least one person" who will receive notice of impending lapse for nonpayment. Like § 10113.71(b)(1), § 10113.72(c) further states that "[n]o individual life insurance policy shall lapse or be terminated for nonpayment" unless the insurer gives notice to a designee.

The parties in this case dispute whether the California Lapse Statutes apply to life insurance policies that are originally issued or delivered out of state but subsequently maintained in California. Tower argues that life insurance policies may only be "issued or delivered" once, and that policies purchased out of state are not subject to the California Lapse Statutes. But Susan Pitt argues that the California Lapse Statutes apply to policies that are originally

issued or delivered out of state but maintained in California under the state's "renewal doctrine."

B

Although neither the Supreme Court of California nor the California Courts of Appeal have adopted either party's interpretation of the California Lapse Statutes, the California Courts of Appeal have interpreted the phrase "issued or delivered" as used in a similarly worded automobile insurance statute. Nevertheless, the Courts of Appeal's decisions are in some tension.

In 1959, the California legislature enacted California Insurance Code § 11580.2, relating to automobile insurance, which provides that "no policy of bodily injury liability insurance . . . shall be issued or delivered in this state" unless it provides uninsured motorist coverage. Cal. Ins. Code 11580.2(a)(1). Thereafter, the California Courts of Appeal repeatedly confronted the issue of whether § 11580.2 applied to automobile insurance policies purchased (and thus originally "issued" and "delivered") prior to the statute's enactment. The Courts of Appeal reached conflicting answers in a series of three cases.

The Court of Appeal first determined that an automobile insurance policy could only be "issued and delivered" once, and that § 11580.2 accordingly did not apply to a policy originally issued or delivered prior to the statute's enactment. *See Ball v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 20 Cal. Rptr. 31, 32 (Cal. Ct. App. 1962) (Tobriner, J.) ("The terms 'issued' and 'delivered' must refer to the original issuance and delivery of the policy; they are fixed as to time and do not stretch into infinity."); *see id.* at 33 ("The issuance or delivery of this policy either in the normal import

of the words or the characterization of the courts occurs at a specific time.").

Two Court of Appeal cases cast some doubt on *Ball*'s reading of "issued or delivered." Those cases suggested that § 11580.2 applied to an automobile insurance policy that was renewed after the original period expired. *Modglin v. State Farm Mutual Automobile Insurance Co.* first suggested, in dictum, that § 11580.2 applied to "renewals of existing policies" rather than just "new policies." 78 Cal. Rptr. 355, 360 (Cal. Ct. App. 1969). Later, *Borders v. Great Falls Yosemite Insurance Co.* construed this dictum as *Modglin*'s holding, stating that *Modglin* "held that the renewal of a policy originally issued in Arizona . . . constituted 'issuance' or 'delivery' of a policy within the meaning of Insurance Code section 11580.2." 140 Cal. Rptr. 33, 35 (Cal. Ct. App. 1977). But contrary to this dictum, *Borders* held that the renewal of an insurance policy, under the facts of that case, did not incorporate the intervening statutory change to § 11580.2, and that the policy therefore did not include uninsured motorist coverage. *Id.* at 40–41.

Even if *Ball* definitively interpreted the phrase "issued or delivered" in § 11580.2, the Supreme Court of California recently indicated that *Ball*'s reading of "issued or delivered" in § 11580.2 may not be the "definitive judicial construction of the phrase . . . that [the Court could] presume the Legislature knew of and sought to adopt" in the California Lapse Statutes. *See McHugh*, 494 P.3d at 40 n.8 (internal quotations and citation omitted).

In sum, although the parties vigorously dispute the meaning and relevance of the cases interpreting § 11580.2, the persuasiveness of those cases here is uncertain.

C

We have recognized a general insurance renewal principle under California law whereby "[e]ach renewal incorporates any changes in the law that occurred prior to the renewal." *See Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) (citing *Modglin*, 78 Cal. Rptr. at 360) (applying the renewal principle to a California statute regulating disability insurance policies "deliver[ed] in this state" (quoting Cal. Ins. Code § 10291.5(b)). We are aware of no California case applying this principle to insurance policies, generally. Nor have we published any decisions determining whether that renewal principle applies to the California Lapse Statutes. We have, however, issued two unpublished decisions addressing those statutes. In both cases, we generally concluded that §§ 10113.71 and 10113.72 "only apply to policies issued or delivered in California." *Clark v. Transam. Life Ins. Co.*, No. 20-16756, 2023 WL 3143689, at *1 (9th Cir. Apr. 28, 2023); *see id.* at *1 n.1 (stating that "there is no indication that the California Legislature intended for notice and grace period requirements to apply to insurance policies not issued or delivered in California"); *accord Elmore v. Hartford Life and Accident Ins. Co.*, No. 20-55118, 2023 WL 3299990, at *1 (9th Cir. May 8, 2023) (holding that "[t]he California Lapse Statute applies only to life insurance policies 'issued and delivered' in California"). Neither case cited *Ball*, *Modglin*, or *Borders*.

District courts within the Ninth Circuit have predominantly, but not uniformly, concluded that California's renewal principle applies to the California Lapse Statutes. *Compare Bentley v. United of Omaha Life Ins. Co.*, 371 F. Supp. 3d 723, 736 (C.D. Cal. 2019) (generally citing *Modglin* and concluding that "case law

supports the application of the renewal principle to incorporate a new statute into different types of insurance policies that renew subsequent to the effective date of the new statute); *Siino v. Foresters Life Ins. and Annuity Co.*, No. 20-cv-02904-JST, 2020 WL 8410449, at *6 (N.D. Cal. Sept. 1, 2020) ("This Court agrees with others within the Ninth Circuit which have found that annual premium payments on term life insurance policies constitute a renewal . . . [that] incorporates any changes in the law that occurred prior to renewal." (quoting *Stephan*, 697 F.3d at 927)); *and Thomas v. State Farm Ins. Co.*, 424 F. Supp. 3d 1018, 1025 (S.D. Cal. 2019) ("The renewal principle applies . . . to 'not only new policies but also renewals: Each renewal incorporates any changes in the law that occurred prior to the renewal.'" (quoting *Stephan*, 697 F.3d at 927 and citing *Modglin*)), *with Pitt v. Metro. Tower Life Ins. Co.*, 675 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2023) (distinguishing *Modglin* and finding no "support for the application of the renewal theory as [Susan Pitt] argues"). Still, even if we agreed with the district courts within our circuit that have determined that California's renewal principle applied to the Lapse Statutes, no California case counsels whether the renewal principle generally applies to insurance policies that were originally issued or delivered out of state.

We respectfully request that the Supreme Court of California resolve this question, which "could determine the outcome of [this] matter." Cal. R. Ct. 8.548(a)(1). If California Insurance Code §§ 10113.71 and 10113.72 do not apply to policies that were originally issued or delivered out of state and subsequently maintained in California, Susan Pitt's breach of contract claim would fail, as would her other claims. However, if §§ 11013.72 and 11013.73 do apply to such policies, Susan Pitt would have a claim for breach of

contract, and some of her other claims may also be saved. Therefore, we ask the Supreme Court of California to determine whether §§ 10113.71 and 10113.72 apply to policies issued and delivered in another state and later maintained in California.

## V.  ACCOMPANYING MATERIALS

The clerk of this court is hereby directed to file in the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission.  Further proceedings before us are stayed pending final action by the Supreme Court of California.  The clerk is directed to administratively close this docket, pending further order from this court.  The parties shall notify the clerk of this court within seven days after the Supreme Court of California accepts or rejects certification, and again within seven days if that Court accepts certification and subsequently renders an opinion.  The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**